# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM 40674 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Michael L. KRISTOPIK II** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 18 November 2025, Appellant filed his assignments of error brief alleging, *inter alia*, his record of trial is substantially incomplete due to two of the five pages are missing from Prosecution Exhibit 3, a text message exchange between Appellant and the victim on the day of the offenses.

On 31 December 2025, the Government filed its answer timely and responded that the missing pages from Prosecution Exhibit 3 are insubstantial omissions. On this same date, the Government moved this court to attach an affidavit from the assistant trial counsel and a seven-page excerpt from Appellant's Report of Investigation (ROI).

On 13 January 2026, this court ordered the Government to show cause why we should not remand Appellant's case back to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record relating to Prosecution Exhibit 3 pursuant to Rules for Courts-Martial (R.C.M.s) 1112(b)(6) and 1112(d)(2)–(3). In a timely response on 23 January 2026, the Government requests this court proceed with its Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866, review.

However, in addition to the issue relating to Prosecution Exhibit 3, the court further discovered other discrepancies in Appellant's record of trial, which we hold inhibits our Article 66, UCMJ, review at this time. These discrepancies are as follows:

(1) The one audio disc file which corresponds with the closed sessions of Appellant's court-martial cannot be accessed because it is listed as a .trm file type, which is not in a format playable on the installed version of Windows Media® player (*e.g.,* WMV, WMA, MPEG, MP3, AVI).

(2) Prosecution Exhibit 2 is described as a disc with a single digital file, approximately one minute in length, when it contains

four digital files, each of various lengths. One of the four files, labeled "77-Gate 17 Wedge" cannot be accessed. This exhibit should contain only the single digital file admitted at trial.

(3) Prosecution Exhibit 3 is missing pages, which were referred to by RB during her testimony when identifying the document, and trial counsel during closing argument.

(4) Defense Exhibit B appears to be mislabeled in the record as Defense Exhibit C; and Defense Exhibit C appears to be mislabeled in the record as Defense Exhibit B.

(5) Defense Exhibits D, E, and F, for identification, are not attached to the record as required. They were offered but not admitted at trial. *See* R.C.M. 1112(f)(2).

(6) Defense Exhibit T, which was offered, then withdrawn, but remained included in a larger group of defense exhibits at trial, is not attached. *See id.*

According to paragraph 3.3 of DAFMAN 51-203, "[t]he military judge will review the exhibits at trial to ensure exhibits are accurate prior to the court reporter's certification of the ROT." It is the military judge's responsibility to ensure all exhibits are properly identified and included in the record.

Accordingly, it is by the court on this 6th day of February, 2026,

**ORDERED:**

The Government's Motion to Attach, dated 31 December 2025, is **DENIED**.

**It is further ordered:**

The record of trial in Appellant's case is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the above-described defects, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **6 MARCH 2026**. If the record cannot be returned to the court by that date, the Govern

ment will inform the court in writing not later than **3 MARCH 2026** of the status of the Government's compliance with this order.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court